**GUAN MEO LI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70560.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2007.

Filed March 15, 2007.

William Kiang, San Gabriel, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: RYMER, WARDLAW, and M. SMITH, Jr., Circuit Judges.

### MEMORANDUM *

Guan Meo Li, a citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeal's

("BIA") denial of his application for asylum and withholding of removal. Li claims he suffered persecution for violating China's coercive population control policies by having a child with his common-law wife, whom Li was unable to legally marry because she was only eighteen years old. Because the BIA's adverse credibility determination was not supported by substantial evidence, we grant the petition and remand to the BIA for further proceedings.

The BIA summarily affirmed the Immigration Judge's ("IJ") decision without opinion. "When the BIA streamlines, we review the substance of the IJ's decision." *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 975 (9th Cir.2006). We review adverse credibility findings for substantial evidence. *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). "The IJ must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief. Any such reason must be substantial and bear a legitimate nexus to the finding." *Id.* (citations and internal quotation marks omitted).

■ The IJ based her adverse credibility determination on several grounds, all of which we find to be impermissible or unsupported by the record. First, the IJ found that Li's asylum application was "very simple" and noted that, "[c]ertainly a statement this simple is very easy to memorize, remember and regurgitate when asked questions." Li's statement described all of the relevant details of his persecution and was entirely consistent with his testimony. The brevity of Li's statement is not an acceptable basis for an adverse credibility finding.

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

The IJ found it "suspicious" that Li brought his wife and child home from the hospital instead of immediately going back into hiding after his son was born. "Speculation and conjecture cannot form the basis of an adverse credibility finding, which must instead be based on substantial evidence." *Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir.2000). Once Li's wife gave birth, there was no longer a threat that she would be forced to have an abortion, and the hospital had already alerted the authorities of the illegal child. The IJ's speculation about what Li should have done under the circumstances is an impermissible ground for an adverse credibility finding.

■ The IJ further asserted that there were several inconsistencies in Li's testimony. First, she found that Li was inconsistent because he did not explain that his wife was also being threatened by the fine until the end of his redirect examination. However, Li never once stated that he was the *only* one being threatened with the fine. The IJ also accused Li of "hiding something" when he gave more than one reason as to why he dropped out of technical school. We find nothing inconsistent about Li's response that he dropped out of school because he no longer wanted to attend and because his family could no longer afford the tuition.

The IJ also found it "inconceivable that even in China the police would ask for such a large amount of money" for having a child in violation of China's population control policies. The IJ's finding is contrary to the 2001 State Department Country Report for China contained in the record, but not cited by the IJ. The country report specifically states that the fines imposed by the Chinese government on its citizens who violate population control policies "can be extremely high, equaling several years' wages for an average worker."

Thus, the country report compels the finding that Li's testimony is truthful and consistent with the birth control policy officials's enforcement mechanisms.

■ The IJ also impermissibly based her adverse credibility determination on the statements Li made to immigration officials immediately after being discovered inside the cargo container of a ship when it arrived in the United States. During this brief interrogation, Li told officials that he came to the United States because he needed a job and he feared returning to China because he had "no money to pay the fine." "We hesitate to view statements given during airport interviews as valuable impeachment sources because of the conditions under which they are taken and because a newly-arriving alien cannot be expected to divulge every detail of the persecution he or she sustained." *Li v. Ashcroft*, 378 F.3d 959, 962–63 (9th Cir.2004). "Requiring evidentiary detail from an airport interview not only ignores the reality of the interview process, but would, in effect, create an unprecedented preasylum application process." *Singh v. INS*, 292 F.3d 1017, 1021 (9th Cir.2002). Here, Li's answers were handwritten onto the form by an immigration official, both the interpreter's name and his agency's identification number were left blank, and there is no additional information in the record about how the interview was conducted. The same concerns and hesitations we have over the reliability of airport interviews apply here, to a brief dockside interrogation conducted immediately after Li's fifteen-day journey inside a shipping container. We therefore find that the statements made during the dockside interview cannot, on their own, serve as a basis for the IJ's adverse credibility finding.

■ Moreover, the IJ's claim that Li was "unresponsive" throughout the hear-

ing is unsupported by the record. The instances she points to in support of her finding are merely temporary misunderstandings as to the nature of the questions being asked. When the questions were rephrased or clarified, Li's answers contained useful information and were not inconsistent with the rest of his testimony. "They cannot, therefore, be fairly characterized as evasive or unresponsive on the basis of the transcript." *Jibril v. Gonzales*, 423 F.3d 1129, 1137 (9th Cir.2005).

The evidentiary record, juxtaposed with the IJ's repeated speculation, compels us to find Li credible. Thus, we remand to the BIA to consider whether, taking his testimony as true, Li is eligible for relief. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

**PETITION GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.